In re: Marie–Antoinette
ARIENT, Debtor.

Darrell A. Dresser, Appellant,

v.

Marie–Antoinette Arient, Appellee.

No. 00–56645.

BAP No. SC–99–01713–RyMaR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2002.

Decided April 2, 2002.

Before BEEZER, TASHIMA, and
GRABER, Circuit Judges.

MEMORANDUM *

Darrell A. Dresser appeals a decision of
the Bankruptcy Appellate Panel ("BAP")
affirming the bankruptcy court. We have
jurisdiction over appeals from the BAP
pursuant to 28 U.S.C. § 158(d), and we
affirm.

Dresser filed an adversary proceeding in
the bankruptcy case of Marie–Antoinette
Arient, contending that a debt owed to him
by Arient was not dischargeable pursuant
to 11 U.S.C. § 523(a)(4) or (a)(6).[1] The
bankruptcy court held that the debt was
dischargeable because neither exception to
dischargeability applied; the BAP af-
firmed. We review decisions of the BAP
de novo, independently reviewing the
bankruptcy court's rulings. *Contractors'
State License Bd. v. Dunbar (In re Dun-
bar)* 245 F.3d 1058, 1061 (9th Cir.2001).

11 U.S.C. § 523 provides, in part, that
a discharge in bankruptcy does not dis-
charge a debtor from a debt "for fraud or
defalcation while acting in a fiduciary ca-
pacity," or "for willful and malicious injury
by the debtor to another entity or to the
property of another entity." 11 U.S.C.
§ 523(a)(4) & (6).[2] In order to fall within

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Cir. R. 36–3.

1. Because the parties are familiar with the
complicated facts and procedural history of
this case, we do not recite them there.

2. Dresser does not raise any argument in his
briefs regarding the bankruptcy court's find-

the meaning of § 523(a)(4), the fiduciary relationship must arise from an express or technical trust, not a constructive, resulting, or implied trust. *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1185 (9th Cir.1996). Dresser argues that an express trust was created by virtue of Arient's agreement to hold the stock for his benefit as part of his estate plan. However, Dresser has submitted no documentary evidence to support this contention, and the transfer of the stock is absolute on its face. The only evidence of Dresser's intent to create a trust is Dresser's word, and the Supreme Court of Arizona has stated that "[t]he law is settled in this jurisdiction that an express trust based upon an oral promise modifying the terms of a conveyance absolute upon its face may not be shown." *King v. Uhlmann*, 103 Ariz. 136, 437 P.2d 928, 936 (Ariz.1968) (citation and internal quotation marks omitted).

Furthermore, the record does not support Dresser's contention that the divorce decree "conclusively established" that Dresser placed the stock in Arient's name solely for estate planning purposes and that Arient agreed to such a plan. The divorce decree did not address Dresser's allegations that he transferred the stock to Arient for estate planning purposes only, and the Arizona Court of Appeals declined to address the issue.

Nor can Dresser rely on the stock's being community property in order to establish that Arient was acting in a fiduciary capacity. The title to the stock was in Arient's name, and Dresser transferred it to her prior to their marriage; the divorce decree subsequently awarded the stock to Dresser as his separate property. The stock therefore was either Arient's separate property or Dresser's separate property; it was not community property. Dresser's claim that the debt was nondischargeable under § 523(a)(4) accordingly must fail. The BAP's order affirming the bankruptcy court is therefore

**AFFIRMED.**

---

ing that Arient did not act with malice within the meaning of § 523(a)(6). This issue is therefore deemed waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *Brookfield Communications, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 n. 7 (9th Cir.1999) (deeming waived arguments the party chose not to argue in its opening brief). Even if the issue is not waived, there is no showing in the record of malice in connection with the conversion of the stock.